IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICKIE MILLER,                          6:12-CV-01304-BR

       Plaintiff,                       OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

       Defendant.


**DAVID W. HITTLE**
388 State Street
Suite 810
Salem, OR 97301
(503) 371-3844

       Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3621

        Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Vickie Miller seeks judicial review of a final
decision of the Commissioner of the Social Security Admini-
stration (SSA) in which she denied Plaintiff's application for
Disability Insurance Benefits (DIB) under Title II of the Social
Security Act.  This Court has jurisdiction to review the
Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

        For the reasons that follow, the Court **AFFIRMS** the decision
of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

        Plaintiff filed an application for DIB on September 21,
2007, alleging a disability onset date of April 6, 2005.


2 - OPINION AND ORDER

Tr. 96.[2]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on April 22, 2010.  Tr. 25-55.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on July 29, 2010, in which he found Plaintiff was not disabled before her March 31, 2009, date last insured and, therefore, is not entitled to benefits. Tr. 12-20.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on June 12, 2012, when the Appeals Council denied Plaintiff's request for review.


## BACKGROUND

Plaintiff was born September 10, 1964, and was 45 years old at the time of the hearing.  Tr. 33.  Plaintiff completed high school.  Tr. 33.  Plaintiff has past relevant work experience as a shipping clerk and an electronics assembler.  Tr. 49.

Plaintiff alleges disability prior to her March 31, 2009, date last insured due to cervical, thoracic, and lumbar-spine degenerative disc disease with stenosis in the lumbar spine. Tr. 14.

Except when noted, Plaintiff does not challenge the ALJ's

---

[2] Citations to the official transcript of record filed by the Commissioner on February 11, 2013, are referred to as "Tr."

summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 16-18.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden, a claimant must demonstrate her
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11

4 - OPINION AND ORDER

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially

dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff had not engaged in

7 - OPINION AND ORDER

substantial gainful activity through her March 31, 2009, date
last insured.  Tr. 14.

At Step Two the ALJ found Plaintiff, before her date last
insured, had the severe impairments of cervical, thoracic, and
lumbar-spine degenerative disc disease with stenosis in the
lumbar spine.  Tr. 14.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments did not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1, before her March 31, 2009, date last insured.
Tr. 22.  The ALJ found Plaintiff, through her date last insured,
had the RFC to perform light work with the following limitations:
Plaintiff could occasionally lift and/or carry 20 pounds and
frequently lift and/or carry ten pounds; stand and walk for up to
six hours in an eight-hour workday; sit up to six hours in an
eight-hour workday; occasionally "handle, push, and pull objects
with her upper extremities;" occasionally balance, stoop, kneel,
crouch, crawl, "climb stairs/ramps," and reach overhead
bilaterally.  Tr. 15.  Plaintiff "must avoid concentrated
exposure to extreme temperatures, vibration, and hazards."
Tr. 15.

At Step Four the ALJ concluded Plaintiff was unable to
perform her past relevant work through her March 31, 2009, date
last insured.  Tr. 19.

8 - OPINION AND ORDER

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy through her March 31, 2009, date last insured.  Tr. 20.  Accordingly, the ALJ found Plaintiff was not disabled through her date last insured.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly gave great weight to the opinion of DeWayde Perry, M.D., examining orthopedist; (2) improperly rejected lay-witness statements; and (3) assessed Plaintiff's RFC without including all of Plaintiff's limitations.

**I.   The ALJ did not err when he gave "great weight" to the opinion of Dr. Perry.**

As noted, Plaintiff contends the ALJ erred when he gave great weight to the opinion of Dr. Perry, examining orthopedist, because Dr. Perry rendered his opinion without the benefit of Plaintiff's full medical file.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear

9 - OPINION AND ORDER

and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at
957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

On October 20, 2007, Dr. Perry examined Plaintiff and
concluded Plaintiff could stand and walk for more than six hours
in an eight-hour work day while using a cane, sit for six hours
in an eight-hour work day, lift and carry ten pounds frequently,
and did not have any "manipulative limitations."  Tr. 189-90.
Dr. Perry stated Plaintiff did not have any evidence of "foot
drop bilaterally," she could "grip and hold objects securely,"
and she had "5/5 [strength] in the upper and lower extremities
bilaterally."  Tr. 188-89.  Dr. Perry noted he did not have
Plaintiff's medical records before him at the time of his
examination of Plaintiff, but Dr. Perry completed a thorough
examination and his opinion was based on objective measurements.

In addition, Dr. Perry's opinion was consistent with other
doctors' opinions in the record.  For example, on November 8,
2007, Maureen Carney, M.D., examining physician, reported
Plaintiff had "muscle strength . . . 5/5 bilaterally in the upper
and lower extremities with the exception of the gluteus medius
which was approximately 4-5 on the left, 4+/5 on the right."
Tr. 243.  Dr. Carney recommended Plaintiff engage in weight
training on the gluteus medius on both legs and to "adjust her
neck posture as [Plaintiff] tends to lean forward and this is
going to aggravate her neck symptoms."

Tr. 243.  Dr. Carney noted even though Plaintiff stated "sometimes that her left leg is dragging, . . . no evidence of foot drop was noted."  Tr. 243.

Similarly, Social Security Agency Medical Consultant Neal Berner, M.D., developed a Physical Residual Functional Capacity (PFRC) of Plaintiff in February 2008 in which he concluded Plaintiff could stand and walk for six hours in an eight-hour work day while using a cane; sit for six hours in an eight-hour work day; lift and carry ten pounds frequently; and occasionally climb, stoop, kneel, crouch, and crawl.  Tr. 205-06.

The Court concludes on this record that the ALJ did not err when he gave great weight to the opinion of Dr. Perry because the ALJ provided legally sufficient reasons supported by evidence in the record for doing so.

**II.  The ALJ did not err when he rejected lay-witness testimony.**

Plaintiff contends the ALJ erred when he rejected the lay-witness statements of Plaintiff's husband Barry Miller, Plaintiff's mother Patsy Shine, Plaintiff's step-daughter Natasha Miller, and Plaintiff's friend Virgilia Balso.

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel.*

*Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ,
in determining a claimant's disability, must give full
consideration to the testimony of friends and family members.").
The ALJ's reasons for rejecting lay-witness testimony must also
be "specific." *Stout,* 454 F.3d at 1054. Nevertheless, an ALJ is
not required to address each lay witness's statement or testimony
on an "individualized, witness-by-witness basis. Rather if the
ALJ gives germane reasons for rejecting testimony by one witness,
the ALJ need only point to those reasons when rejecting similar
testimony by a different witness." *Molina v. Astrue*, 674 F.3d
1104, 1114 (9th Cir. 2012)(quotation omitted).

### A.  Barry Miller

On March 26, 2010, Barry Miller drafted a statement in
which he notes it has been difficult for Plaintiff "to do her
every day tasks and [to] take care of herself" for the past five
years. Tr. 175. Barry Miller notes Plaintiff can only walk for
20 to 30 minutes and then needs to sit down due to "pain and
numbness." Tr. 175. Barry Miller also notes the pain
medications Plaintiff receives from her doctors "only help so
long and make [Plaintiff] tired." Tr. 175. Barry Miller states
he "fear[s] in years to come [Plaintiff] will probably lose the
movement in her legs because I see her having more difficult
[*sic*] walking, standing, sitting, and climbing stairs." Tr. 175.
Finally, Barry Miller states he does not "see how [Plaintiff]

12 - OPINION AND ORDER

would be able to work even if it was only standing or sitting
down due to her chronic pain and muscle spasms throughout her
body." Tr. 175.

The ALJ "accept[ed] that [Barry Miller's] statement
[is] descriptive of [his] perceptions." Tr. 17. The ALJ found,
however, that "the behavior observed by [Barry Miller] is not
consistent with the overall objective medical evidence." Tr. 17.
The ALJ, therefore, found Barry Miller's statement was not "fully
credible" and that it did not "provide sufficient support to
alter the [RFC]." Tr. 17. In assessing Plaintiff's RFC, the ALJ
considered the October 20, 2007, opinion of Dr. Perry that
Plaintiff could stand and walk for six hours in an eight-hour
work day, sit for six hours in an eight-hour work day, lift and
carry ten pounds frequently, and did not have any "manipulative
limitations." Tr. 189-90. The ALJ also noted Dr. Perry's report
that Plaintiff did not have any evidence of "foot drop
bilaterally," Plaintiff could "grip and hold objects securely,"
and Plaintiff had "5/5 [strength] in the upper and lower
extremities bilaterally." Tr. 188-89.

The ALJ also considered the November 8, 2007, report of
Dr. Carney in which she noted Plaintiff had "muscle strength
. . . 5/5 bilaterally in the upper and lower extremities with the
exception of the gluteus medius which was approximately 4-5 on
the left, 4+/5 on the right." Tr. 243. Dr. Carney recommended

13 - OPINION AND ORDER

Plaintiff engage in weight training on the gluteus medius on both legs and "adjust her neck posture as [Plaintiff] tends to lean forward and this is going to aggravate her neck symptoms." Tr. 243.  Dr. Carney noted although Plaintiff stated "sometimes that her left leg is dragging, . . . no evidence of foot drop was noted."  Tr. 243.

The ALJ also pointed out that in August 2005 Janet Neuburg, M.D., treating physician, noted Plaintiff had "successfully returned to regular duty" after an on-the-job injury in June 2005.  Tr. 250.  Plaintiff reported she was "usually doing fine."  Tr. 250.  Dr. Neuburg concluded Plaintiff was "medically stationary, with no impairment from [her] injury" and "no further treatment" was required.  Tr. 250.

In addition, the ALJ found Plaintiff's testimony "concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the" RFC.  Tr. 17.  Plaintiff, however, does not allege the ALJ erred in that finding.

The Court concludes on this record that the ALJ did not err because he provided legally sufficient reasons for finding Barry Miller's statement not to be fully credible.

**B.    Patsy Shine, Natasha Miller, and Virgilia Baldo**

On April 4, 2010, Patsy Shine provided a statement in which she notes in "[t]he past few years [Shine has] noticed

14 - OPINION AND ORDER

[Plaintiff] having more troubles getting around."  Tr. 176.
Shine states Plaintiff complains of numbness in her arms and
hands and of pain "running down her legs," shoulders and back.
Tr. 176.  Shine notes Plaintiff has difficulty walking or sitting
for more than 30 minutes and spends four to five hours per day
lying down "to relieve her pain and fatigue."  Tr. 176.

On April 5, 2010, Natasha Miller provided a statement
noting Plaintiff "has been in pain in results of [*sic*] her
scoliosis" for the last fourteen years.  Tr. 179.  Miller notes
Plaintiff "had problems with her hands and arms going numb" and
sitting for more than 30 minutes due to fatigue and stress.
Tr. 179.  Miller notes Plaintiff can stand for only 20 minutes
and Plaintiff "needs to take meds and lay down and rest from pain
throughout her body" after grocery shopping with assistance.
Tr. 179.

On April 5, 2010, Virgilia Baldo provided a statement
in which she notes she has been Plaintiff's neighbor for five
years and is an "energy healer in the modality of Reiki."
Tr. 178.  Baldo notes Plaintiff "has come to see [Baldo] for
healing many times."  Tr. 178.  Baldo notes Plaintiff "has a
problem with her spine that becomes very painful when sitting or
standing too long and also in walking and lifting any kind of
weight."  Tr. 178.  Baldo "fear[s] [Plaintiff's] condition is
chronic and her level of activities will become more and more

15 - OPINION AND ORDER

restricted as time goes by."  Tr. 178.

        The ALJ "accept[ed] that these statements are
descriptive of the witnesses' perceptions."  Tr. 17.  The ALJ
found, however, that the behavior observed by the witnesses is
not consistent with the overall objective medical evidence."
Tr. 17.  The ALJ, therefore, found these statements not to be
"fully credible" and that they did not "provide sufficient
support to alter the [RFC]."  Tr. 17.

        For the reasons noted above, the Court concludes on
this record that the ALJ did not err because he provided legally
sufficient reasons for finding these statements not to be fully
credible.

**III. New evidence submitted to the Appeals Council.**

    Plaintiff also relies on evidence submitted for the first
time to the Appeals Council to support her assertion that the ALJ
erred when he found her not to be disabled.  Specifically,
Plaintiff points to a May 14, 2010, MRI of her lumbar spine; a
physical-work performance evaluation from September 27, 2010; and
treatment records dated October 4, 2010.  The Appeals Council
concluded the new evidence "does not affect the decision about
whether [Plaintiff was] disabled at the time [she was] last
insured for disability benefits" because the ALJ "decided
[Plaintiff's] case through March 31, 2009, the date [Plaintiff
was] last insured for disability benefits."  Tr. 2.

The Court may properly evaluate all of the evidence in the record, including new evidence submitted to the Appeals Council after the ALJ has issued his opinion. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). *See also* 20 C.F.R. § 404.970(b)(the Appeals Council shall consider new relevant evidence on review of the ALJ's opinion). In regard to such evidence, the Ninth Circuit has held: "[W]e properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence." *Harman v. Apfel*, 211 F3d 1172, 1180 (9th Cir. 2000).

"To justify remand [on the ground of new evidence submitted to the Appeals Council, a plaintiff] must show that the [new evidence] is material to determining her disability." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001)(citing 42 U.S.C. § 405(g)). "To be material . . . the new evidence must bear 'directly and substantially on the matter in dispute'" and that "there is a reasonable probability that the new evidence would have changed the outcome of the administrative hearing." *Id.* (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)).

As noted, the new evidence Plaintiff relies on post-dates her March 31, 2009, date last insured. In addition, the evidence does not contain any indication or opinion that it relates to the period before March 31, 2009. Accordingly, the Court concludes Plaintiff's new evidence does not bear "directly and

17 - OPINION AND ORDER

substantially on" whether Plaintiff was disabled before her March 31, 2009, date last insured and there is not a "reasonable probability that the new evidence would have changed the outcome of the administrative hearing."

**IV. The ALJ properly assessed Plaintiff's RFC.**

Plaintiff contends the ALJ's assessment of Plaintiff's RFC was inadequate because it did not contain all of Plaintiff's work-related limitations.  The Court has concluded the ALJ did not err when he gave great weight to the opinion of Dr. Perry and rejected the lay-witness statements.  In addition, the records before the Appeals Council do not effect the ALJ's determination. Accordingly, the Court concludes the ALJ included all of the limitations in Plaintiff's RFC that were supported on this record.

<u>CONCLUSION</u>

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 7th day of October, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER